IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard Allen Holloway, ) | C/A No. 3:11-2581-CMC-PJG | |
| Plaintiff, ) | | |
| v. ) | **REPORT AND RECOMMENDATION** | |
| Reginal I. Lloyd; Sheriff Leon Lott; Sgt. Randy ) Strange; and Seth Rose, ) | | |
| Defendants. ) | | |

The plaintiff, Richard Allen Holloway ("Holloway"), who is self-represented, filed this action alleging a violation of his constitutional rights by the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Lloyd's[1] motion to dismiss. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Holloway of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 21.) Holloway filed a response in opposition to Defendant Lloyd's motion. (ECF No. 28.) Defendant Lloyd filed a reply. (ECF No. 33.) Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Lloyd's motion should be granted because this action was filed beyond the applicable statutes of limitation.

---

[1] The court notes that the correct spelling of this defendant's first name is Reginald. (See Def.'s Mem. Supp. Mot. Dismiss, ECF No. 19-1.)

Page 1 of 7



## BACKGROUND

This action arises from the erroneous placement of Holloway's name on the sex offender registry. (See generally Am. Compl., ECF No. 8.) Holloway's Amended Complaint alleges that he was wrongfully charged on December 29, 2006 with a sex offender registry violation. The undisputed facts show that the predicate conviction for this alleged offense did not require registration as a sex offender; consequently, Holloway was not convicted of this charge, and on August 5, 2008, the records relating to this charge were expunged by order of a South Carolina Circuit Judge. (Order, ECF No. 8-3 at 2.) Holloway's name was removed from the sex offender registry on June 2, 2008. Holloway filed the instant case on September 26, 2011.

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. at 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

An assertion that a claim is barred by the applicable statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). Accordingly, it is generally not properly raised via a Rule 12(b)(6) motion. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, where the face of the complaint reveals that a claim is time barred, it may be dismissed for failure to state a claim upon which relief can be granted. Id.; see also Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir.

2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

**B.     Statute of Limitations**

Liberally construed, Holloway's Amended Complaint raises claims pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). For a cause of action pursuant to the state Tort Claims Act, the limitations period is generally two years. See S.C. Code Ann. §15-78-110. Giving Holloway the benefit of the doubt, there can be no question that any cause of action based on the alleged facts accrued no later than June 2, 2008, when Holloway's name was removed from the registry.[2] Thus, the instant case was filed well beyond the applicable statutes of limitation.

Holloway presents two arguments in opposition to Defendant Lloyd's motion. First, he appears to argue that the statute of limitations should not preclude this case because he previously filed a lawsuit in state court relating to the same alleged wrongful conduct. Holloway cites no legal

---

[2] In fact, the face of Holloway's Amended Complaint indicates that the accrual date for his claims should be considered to be much earlier, as Holloway unquestionably had knowledge of the facts giving rise to his claims long before June of 2008, given that he was arrested for the sex offender registry violation in 2006. (See Am. Compl., ECF No. 8 at 2); see, e.g., Martin v. Companion Healthcare Corp., 593 S.E.2d 624, 627 (S.C. Ct. App. 2004) (holding that under the discovery rule of S.C. §15-3-530, the three-year statute of limitations clock begins to run on the date that the injured party either knew or should have known by the exercise of due diligence, that a claim might exist); Young v. S.C. Dep't of Corr., 511 S.E.2d 413, 416 (S.C. Ct. App. 1999) (discussing the discovery rule as applicable to actions brought under the Tort Claims Act, S.C. § 15-78-110 and stating that test is not whether plaintiff knows he has a claim, but whether facts would put a person on notice of violation of right); see also Wallace v. Kato, 549 U.S. 384, 394 (2007) (noting that state tolling provisions as well as state limitations statutes apply to § 1983 actions).

PJG

support for this proposition, which is contrary to the well-settled general rule that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim. Rink v. Richland Mem'l Hosp., 422 S.E.2d 747, 749 (S.C. 1992); City of N. Myrtle Beach v. Lewis-Davis, 599 S.E.2d 462, 465 (S.C. Ct. App. 2004); (see also Am. Compl., ECF No. 8-3 at 1) (showing that Holloway voluntarily dismissed the state court case).

Second, Holloway argues that the defendants' violation was a continuing one, "creat[ing] a fresh injury each day." (Pl.'s Mem. Opp'n Mot. Dismiss, ECF No. 28 at 7.) As an initial matter, the court observes that the continuing injury theory is a common law theory, generally applicable, for example, in real property cases. See Silvester v. Spring Valley Country Club, 543 S.E.2d 563, 566 (S.C. Ct. App. 2001) ("When the nuisance is continuing and the injury is abatable, the statue of limitations does not run merely from the original intrusion on the property.") (citations omitted). However, this type of theory has been expressly rejected in tort cases since the enactment of the statutory schemes governing those actions in South Carolina. See Harrison v. Bevilacqua, 580 S.E.2d 109 (S.C. 2003) (refusing to adopt the "continuing tort" doctrine in a medical malpractice claim governed by the South Carolina Tort Claims Act). Further, even if such a theory could be applied to the types of claims presented here, it would not apply in a case such as this where a discrete wrongful act causes alleged continuing injury, as opposed to a situation with ongoing wrongful conduct. Moreover, as noted above, Holloway's Amended Complaint shows that his name was removed from the registry on June 2, 2008. Accordingly, even if he could assert a continuing violation theory, he can point to no injury within the statutory limitations period, so his Complaint is still untimely. See McCurley v. S.C. State Highway Dep't, 182 S.E. 2d 299, 300 (S.C. 1971). Finally, as to any claim Holloway may be asserting under § 1983, it appears that such claims accrued

PJG

well before three years prior to the date he filed this case. See Wallace v. Kato, 549 U.S. 384 (2007) (discussing accrual of a § 1983 claim based on alleged false arrest and false imprisonment); Heck v. Humphrey, 512 U.S. 477 (1994) (discussing accrual of a § 1983 cause of action based on alleged malicious prosecution).[3]

## RECOMMENDATION

Holloway's Amended Complaint shows that he filed this action beyond the limitations periods for his claims. Accordingly, the court recommends that Defendant Lloyd's motion to dismiss (ECF No. 19) be granted and that Holloway's motions (ECF Nos. 28 & 34) be terminated as moot.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 13, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Although Holloway references the Fifth, Eighth, and Fourteenth Amendments in his Amended Complaint, any claim based on these specific provisions of the United States Constitution is insufficiently pled to state a plausible claim against the defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).